UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **LINDA R. COLE,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )   **Case No. 3:08-cv-00507-CLS** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Linda R. Cole, commenced this action on March 24, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the following reasons, the court finds that the Commissioner's ruling is due to be reversed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983). Because claimant challenges the decisions of the ALJ *and* the Appeals Council, this court must consider both rulings as constituting the "final decision" of the Commissioner. *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1263-66 (11th Cir. 2007) (reversing the district court for failing to consider the findings of the ALJ and the Appeals Council where a claimant challenged both decisions).

In the present case, the ALJ found that claimant suffered from the severe impairments of depression, anxiety, borderline personality disorder, and a bulging disk at L5-S1, and that her "medical impairments, including substance abuse disorders meet sections 12.04, 12.06, and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1."[1] Nevertheless, based on the evidence of record, including the testimony of a vocational expert, the ALJ concluded that claimant was *not* disabled, because, *if* she stopped her "substance abuse," she retained the residual function capacity to perform work classified at the light exertional level.[2]

After receiving an unfavorable decision from the ALJ, claimant requested review by the Appeals Council, and submitted new evidence for consideration. The Appeals Council summarily denied claimant's petition for review.[3]

---

[1] Tr. at 16-17.
[2] *Id.* at 19.
[3] Tr. at 5-7.

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, she argues that: (1) substantial evidence does not support the ALJ's determination that claimant can return to her past relevant work as a clerical worker; (2) substantial evidence does not support the ALJ's conclusion that claimant's substance abuse is a contributing factor to her alleged disability; and (3) the Commissioner erred by failing to fully consider evidence submitted following the administrative hearing.

Upon consideration of the briefs and the record, the court concludes that claimant's first two contentions are without merit. In essence, claimant seeks a judicial review of the ALJ's findings of fact. The court is limited, however, to determining whether the ALJ's decision is based on substantial evidence, which "is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). In the present case, the ALJ's findings were based on substantial evidence.

Claimant's third argument is persuasive. Generally, a claimant is allowed to present new evidence at each stage of this administrative process. *See* 20 C.F.R. § 404.900(b). The Appeals Council must consider new, material, and chronologically relevant evidence, and must review the case if "the administrative law judge's action,

findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). In reviewing a claimant's appeal of the Commissioner's final decision, a district court must determine "whether the Appeals Council correctly decided" to deny a claimant's petition for review in light of the mandates of § 404.970(b). *Ingram*, 496 F.3d at 1266-67.

In the present case, the decision of the Appeals Council is void of any substantive explanation for its denial of claimant's petition for review. Specifically, the Appeals Council neither expressly determined whether the new evidence submitted by claimant was "material," nor made any mention whatsoever that it considered § 404.970(b) in rendering its decision. Due to these deficiencies, it is not evident to this court that the Appeals Council properly denied claimant's petition for review.

Under Sentence Four of 42 U.S.C. § 405(g), a district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)) (bracketed text supplied). Where a district court cannot discern the basis for the Commissioner's decision, a sentence-four remand is appropriate. *See, e.g., Falcon v. Heckler,* 732 F.2d 827, 829-30 (11th Cir. 1984).

Such is the case here.

Consequently, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner for further proceedings consistent with this memorandum opinion and order.

The clerk is directed to close this file.

DONE and ORDERED this 9th day of February, 2009.

_____
United States District Judge